IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FRIEDERICH PETER ARTEZ,<br><br>Defendant. | ORDER DENYING MOTION TO ESTABLISH TIME PROPERLY EXCLUDED; DENYING MOTION TO SEVER; AND DIRECTING ADDITIONAL BRIEFING<br><br>Case No.2:07-CR-254 |

Before the court are various motions relating to the defense of Friederich Peter Artez. Specifically, Artez has filed three motions to dismiss (#10, #15, #20), a motion to establish time properly excluded under the Speedy Trial Act (#18), and a motion to sever (#22). For the reasons stated below, the court DENIES Artez's motion to establish time (#18) and DENIES the motion to sever (#22). The court requests additional briefing relating to the issues raised in the motions to dismiss.

*A. Motion to Establish Time Properly Excluded*

Artez motions the court to "instruct the Government to set forth the dates and amount of time it believes are properly excluded from counting under the Speedy Trial Act, 18 U.S.C. §

3161."[1]  Such an accounting is necessary, in the view of Artez, because he has yet to go to trial on indictments that were issued four and six years ago, respectively.  The government argues that such an accounting is unnecessary because the speedy trial clock began anew upon re-indictment.  The court agrees with the government.  Because the prior case was dismissed on motion of Mr. Artez, the speedy trial clock started anew upon re-indictment.[2]  Accordingly, the court DENIES Artez's motion to establish time (#18) as irrelevant.

*B. Motion to Sever*

Artez also motions the court to sever the two counts in the instant indictment into separate actions arguing that the "offenses are not of the same or similar character, nor are they based on the same act or transaction or connected with or constitute parts of a common scheme or plan."[3]  The government contends a single indictment is appropriate because the counts against Artez for illegal possession of restricted firearms are of similar character and illustrate a common scheme or plan by the defendant.

Under Rule 8(a) of the Federal Rules of Criminal Procedure, "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The court finds that the two counts in the indictment – possession of an unregistered sawed off shotgun and possession of unregistered machine gun – are of similar character.  Moreover, the defendant's possession of

---

[1] Pl.'s Mot. to Establish Time 1 (Docket No. 18).

[2] *See* 18 U.S.C. § 3161(d)(1).

[3] Pl.'s Mot. to Sever 1 (Docket No. 22).

illegal firearms over a course of time, coupled with his claim that he "dealt" in firearms, demonstrates that the offenses constitute parts of a common scheme or plan. Consequently, the court DENIES Artez's motion to sever.

*C. Additional Briefing*

With respect to the three motions to dismiss, the court directs the parties to more fully brief the following two issues. First, the parties should more fully address whether the government violated its obligation to return a new indictment "within **six calendar months** of the date of the dismissal of the indictment."[4] Second, the parties should more fully address the constitutional speedy trial issue. Specifically, the parties should address whether the six-month delay in filing the new indictment violated Artez's constitutional right to a speedy trial.[5] The court would like to see analysis of the issues raised in note 7 of the *Abdush-Shakur* decision,[6] including a discussion of whether *United States v. MacDonald* is controlling here or distinguishable.[7] Also, the parties should brief the issue of "presumptively prejudicial" delay as contained on page 465 of the *Abdush-Shakur* decision.

Because the court more clearly understands the defense position on these issues at this time, the government shall file an opening brief addressing the two issues above by August 17, 2007. The defense shall file any response by August 24, 2007.

SO ORDERED.

---

[4] 18 U.S.C. § 3288 (emphasis added).

[5] *See United States v. Abdush-Shakur,* 465 F.3d 458 (10th Cir. 2006).

[6] *Id*. at 465.

[7] 456 U.S. 1, 8 (1982).

DATED this 6th day of August, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge