IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FRIEDERICH PETER ARTEZ,<br><br>Defendant. | MEMORANDUM DECISION<br><br><br><br>Case No.2:07-CR-254 |

On September 6, 2007, the court issued an order denying three motions to dismiss filed by Friederich Peter Artez.[1]  As indicated in the order, the court now issues this memorandum explaining its decision.  In his motions to dismiss, Artez argues that the court should dismiss this case based on alleged violations of the Speedy Trial Act and the Speedy Trial Clause of the Sixth Amendment, and based on the alleged failure of the government to return the present indictment within six calender months of the dismissal of the two prior indictments against Artez, as required by 18 U.S.C. § 3288.

In his supplemental brief, Artez concedes that the government appears to have satisfied its obligation under § 3288 to re-file the indictment within six months after dismissal.  However, he strongly contends that the delays in the two prior cases and the six month delay in refiling the indictment violated his Sixth Amendment right to a speedy trial.  Although the court has grave

---

[1] Order Den. Artez's Mot. to Dismiss (#10, #15, #20).

concerns about the government's delays in this nearly seven-year old case, particularly the most recent six-month delay in refiling charges, the court finds that Artez's right to a speedy trial pursuant to the Speedy Trial Act and the Sixth Amendment were not violated. Accordingly, the court DENIES Artez's motions to dismiss.

## BACKGROUND

The origin of this case is grounded in events that occurred nearly seven years ago. On or about December 19, 2000, officers executed a search warrant during which they confiscated Friederich Peter Artez's gun collection. One of the weapons seized by the government was a sawed off shotgun. On March 28, 2001, Artez was indicted on one count for possession of this sawed off shotgun in violation of 26 U.S.C. § 5861. Artez made his initial appearance on April 20, 2001, and the court set a trial date of June 28, 2001. The case, however, was continued numerous times.

On May 7, 2003, the court granted Artez's motion to dismiss. The government appealed, and the case was remanded on December 14, 2004. The court scheduled a bench trial for May 10, 2005, and later reset the trial for June 21, 2005. Following several more continuances, the government filed a superceding indictment on March 22, 2006. The new indictment charged Artez with three additional drug and firearm charges.

On January 15, 2003, a grand jury indicted Artez for unlawful possession of a machine gun under 18 U.S.C. § 922. On January 31, 2003, Artez made his initial appearance, and a trial for this case was scheduled for April 3, 2003. Upon Artez's motion to continue, the trial was reset for June 3, 2003. This trial date was later stricken. On November 19, 2003, the court

granted Artez's motion to dismiss. The government appealed, and the case was remanded on February 3, 2005. A new trial date of May 10, 2005, was then scheduled. However, this trial date was set and reset several more times, with the last scheduled trial date being April 25, 2006.

On the motion of Artez, the court dismissed both cases without prejudice for violation of the Speedy Trial Act on October 25, 2006. With regard to its decision to dismiss without prejudice, the court specifically indicated that the delays in these cases "were not the result of negligence or intentional dilatory conduct on the part of the government" and that "[t]he defendant [was] substantially responsible for many, if not most of the delays and is not without fault."[2]

Although the period under the applicable statute of limitations had expired prior to the dismissal, the government filed a new indictment on April 25, 2007, which essentially merged the two previously dismissed indictments and is the subject of the motions to dismiss presently before the court. In explanation for the post-dismissal delay in filing the present indictment, the government has offered the affidavit of the prosecutor who prosecuted the dismissed cases and obtained the present indictment. The affidavit outlines her extended absence from work due to personal illness during such period of delay as well as the frequent absence of the Bureau of Alcohol, Tobacco, and Firearms Agent assigned to Artez's case while he attended to his ailing mother.[3] Alternatively, Artez attributes the delay to the more dubious purpose of intentionally

---

[2] Order at 2, *United States v. Artez*, No. 2:03-CR-24, Docket No. 68 (Oct. 24, 2006); Order at 2, *United States v. Artez*, No. 2:01-CR-180, Docket No. 120 (Oct. 24, 2006).

[3] Government's Supplemental Mem. Opp. Mot. to Dismiss Ex. A (Docket No. 29).

delaying the indictment in an effort to harass him.

## DISCUSSION

Artez bases his motions to dismiss on 18 U.S.C. § 3288, the Speedy Trial Act, and the Speedy Trial Clause of the Six Amendment. The court addresses each argument in turn.

*18 U.S.C. § 3288*

Where the statute of limitations has run prior to dismissal of the indictment, 18 U.S.C. § 3288 allows the government to re-indict the defendant "within six calender months of the date of the dismissal."[4] As the period under the applicable statute of limitations had expired prior to the dismissal of the two original indictments, Artez initially argued that the government did not file the present indictment within six calender months of the dismissal. However, in light of Artez's subsequent concession that in filing the present indictment on April 25, 2007, "it would appear that [the government] satisfied its statutory obligation to file an indictment within six months of the dismissal,"[5] the court finds that the present indictment was returned within the time period required by § 3288 and therefore is not barred by the statute of limitations.

*Speedy Trial Act*

The Speedy Trial Act requires that the trial of a defendant who pleads not guilty "shall commence within seventy days" from the later of the "filing date . . . of the information or indictment" or "the date the defendant has appeared before a judicial officer of the court in which

---

[4] 18 U.S.C. § 3288.

[5] Def.'s Supplemental Mem. Supp. Mot. to Dismiss 2 (Docket No. 30).

such charge is pending."[6]  However, "[u]nder § 3161(d)(1), if an indictment is dismissed upon motion of the defendant and he is subsequently re-indicted with the same offence, the new indictment begins a new seventy-day period."[7]

In his motions to dismiss, Artez argues that the present indictment should be dismissed because he did not receive a trial within seventy days of the filing of the two *original* indictments.  However, § 3161(d) makes clear that the speedy trial clock was reset to seventy days when the original indictments were dismissed by the court on Artez's motion on October 25, 2006, and did not begin to run again until the filing of the present indictment on April 25, 2007.  Artez does not claim a violation of the Speedy Trial Act with regard to the period beginning with the filing of the present indictment on April 25, 2007.  Therefore, the court finds that the Speedy Trial Act has not been violated with regard to the present indictment.

*Sixth Amendment*

When addressing an alleged violation of a defendant's Sixth Amendment right to a speedy trial, the court generally considers four balancing factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant."[8]  "None of these factors, taken by itself, is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."  Rather they are related factors and

---

[6] 18 U.S.C. § 3161(c)(1).

[7] *United States v. Abdush-Shakur*, 465 F.3d 458, 462 n.4 (10th Cir. 2006).

[8] *Id.* at 464-65 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

must be considered together with such other circumstances as may be relevant."[9]  Additionally, the court "need only inquire into [these] . . . factors if the period of delay is 'presumptively prejudicial.'"[10]  The government contends that the speedy trial guarantee ceased to apply to the two original cases against Artez after they were dismissed because the government acted in good faith in its filing of the present indictment.

In *United States v. MacDonald*, the Supreme Court held that the "Speedy Trial Clause has no application after the Government, in good faith, formally drops charges.  Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause."[11]  When charges are dismissed, "the formerly accused is, at most, in the same position as any other subject of a criminal investigation."[12]  The *MacDonald* Court left open the question as to whether the Speedy Trial Clause continues in force where "the [g]overnment dismissed and later reinstituted charges to evade the speedy trial guarantee."[13]

Undoubtedly the history of this case is not a model of prosecutorial preparedness.  But, despite Artez's characterizations to the contrary, there is no evidence of bad faith by the government with respect to the dismissal of the original indictments and subsequent re-filing of

---

[9] *Id.* at 464 (quoting *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995)).

[10] *Id.* at 465.

[11] 456 U.S. 1, 7 (1982).

[12] *Id.* at 8.

[13] *Id.* at 10; *see also Abdush-Shakur*, 465 F.3d at 465 n.7.

the present indictment. The dismissal of the original indictments against Artez due to infractions of the Speedy Trial Act was granted by the court on the motion of Artez, not upon action by the government. This is substantively different from the hypothetical proffered by the *MacDonald* Court where the government sought to evade the Speedy Trial Clause by dismissing and then later reinstating an indictment. Although the government waited six months after the dismissal to re-indict Artez, the court finds that the government did not do so in an attempt to evade the rights guaranteed by the Sixth Amendment or otherwise in bad faith. Therefore, according to *MacDonald*, the Speedy Trial Clause has no application to the government's delay in filing the present indictment subsequent to the prior indictments' dismissal.

However, there appears to be some confusion regarding whether the dismissal of an indictment prior to the re-filing of a new indictment regarding the same conduct merely pauses[14] or completely resets[15] the clock for purposes of the Speedy Trial Clause of the Sixth Amendment. In an abundance of caution, the court will assume the former. Based on this assumption, the lengthy delays in this case warrant consideration of the factors outlined above.

The "reason for the delay" factor does not weigh in favor of finding a violation of Artez's Sixth Amendment rights. In its order dismissing the two original indictments, the court specifically commented regarding the reasons for the delays in those cases as follows: "The delays in this case were not the result of negligence or intentional dilatory conduct on the part of the government. The defendant is substantially responsible for many, if not most of the delays

---

[14] *See United States ex rel. Mitchell v. Fairman*, 750 F.2d 806, 808 (7th Cir. 1984).

[15] *See Metroyer v. Scott*, 70 Fed. Appx. 524, 530 (10th Cir. 2003) (unpublished).

and is not without fault."[16]  Thus, Artez bears significant blame for the delays of which he now complains.

With regard to "the defendant's assertion of his right," Artez asserted his right to a speedy trial, albeit under the Speedy Trial Act, for the first time in his motion to dismiss the original indictments dated June 21, 2006, years after the filing of the original indictments.  Artez agrees that he "did not assert his right early on in either case."[17]  In fact, the first time Artez asserted his Sixth Amendment speedy trial right was in one of the motions to dismiss presently before the court, dated July 12, 2007.  Although Artez has asserted his Sixth Amendment right, that he waited to do so at least until June of 2006 does not lend to finding a violation of his Sixth Amendment rights.

Lastly, other than the prejudice inherent in the lengthy delays, and his unsubstantiated assertion that his counsel "has been unable to locate critical witnesses,"[18] Artez is unable to point to any actual prejudice resulting from those delays.  Instead, he asserts that the delays in this case were "extreme" and are therefore entitled to a presumption of prejudice.[19]  Even assuming that the delays in this case qualify for such presumption, any presumptive prejudice is effectively rebutted by the fact that "many, if not most" of these delays were attributable to Artez as stated above.  Although appreciating the difficulty faced by a criminal defendant in defending criminal

---

[16] Order at 2, *United States v. Artez*, No. 2:03-CR-24, Docket No. 68 (Oct. 24, 2006); Order at 2, *United States v. Artez*, No. 2:01-CR-180, Docket No. 120 (Oct. 24, 2006).

[17] Def.'s Mem. Supp. Mot. to Dismiss 5 (Docket No. 21).

[18] Def.'s Supplemental Mem. Supp. Mot. to Dismiss 8 (Docket No. 30).

[19] *Jackson v. Ray*, 390 F.3d 1254, 1263-64 (10th Cir. 2004).

charges levied against him, the court also finds it highly significant that Artez "has not been in custody while the cases are pending."[20]

Accordingly, despite its serious concern regarding the delays associated with this case, based on the facts submitted to it, the court is unable to find a violation of Artez's Sixth Amendment rights where he was to a significant extent responsible for the delays associated with the case and where he has failed to show any actual prejudice resulting from such delays. Accordingly, Artez's motions to dismiss (#10, #15, #20) are hereby DENIED.

DATED this 5th day of October, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[20] Def.'s Mem. Supp. Mot. to Dismiss 5 (Docket No. 21).